Our third case this morning is the United States v. Robin Peoples. Mr. Coates, good morning. Good morning, Your Honor. May it please the court, counsel for the government. Mr. Peoples presents to this court the issue of whether or not his rehabilitation and conduct record alone can be an independent and compelling reason, extraordinary reason, to support his motion for compassionate release under the First Step Act, Section 3582C1A. Because of the unique procedural development in the district court, we got a view of the district court's thinking concerning Mr. Peoples' record of rehabilitation. That 30-day gap was closed between the time the judge made his ruling initially allowing Mr. Peoples, granting his motion for compassionate release, the court relied at that time on Black, and then this court issued its Thacker opinion. This appeal does not deal with issues concerning a consideration that is prohibited under Thacker. That door is closed, obviously. But Mr. Peoples was a beneficiary of the insight of the district judge, and the district judge did not find that Mr. Peoples had a good record, as in other cases, Ugba or Watford. The district judge found that it was an extraordinary record, and because of that, Mr. Peoples believes that that was established by the court, and when it then ruled in the Thacker case, the district court reviewed that ruling in a reading of the district court's second opinion, where it granted the government's motion for reconsideration. The district court focused on what it had done in its first opinion, and what it had done in its first opinion is it considered what it knew it could not under Thacker, and that consideration was the amendment to the First Step Act, and considering the sentence that Mr. Peoples was given in 1999 from the sentence that he would have gotten under today's standards. In addition to having the insight of the court's analysis concerning his conduct, the district court also reviewed under 3553 the standards and the analysis that's required under Thacker, the second step, to allow an analysis for the purposes of determining the appropriate sentence. District court certainly did its analysis so that Mr. Peoples now is the beneficiary of that. He relies on his appeal for that analysis. The criticism may be, well, that was a different review. That was the second step of the review under Thacker, and therefore it doesn't count, but that's not what this court has said in Thacker. This court specifically said that the discretion, your conclusion was limited, the discretion lists with the district court. A close reading of the district judge's opinion shows that its reference, its frame of reference was on what it had done in the opinion 30 days before, that is, its reliance on the amendment, the First Step Amendment. It did not, however, take or address directly the issue whether alone Mr. Peoples' conduct record can be considered as an independent, compelling, and extraordinary reason. In your argument, are you drawing a distinction between a record of rehabilitation and good conduct in prison? Is there a difference between the two in your judgment? Yes, Your Honor, and for this reason, rehabilitate, I would put it this way, it seems that there are three components to where we are today by any incarcerated individual. The first is obviously acceptance of responsibility that's built in to the sentencing guidelines. The second is the prisoner then has to take action. Accepting responsibility without action doesn't get you where Mr. Peoples is. The third component of Mr. Peoples' case is that there were results, and that is the conduct. Particularly the last section of conduct that is referred to by the court as the situation that has been presented to the court with regard to him putting himself at risk and acting in a way that had very positive results. How, Mr. Kuss, would this not be a switch from determinate sentencing back to indeterminate sentencing? That's the point that was raised by the government in deference to the government, I understand that, and the question is yours and a valid concern not only for the government but for the court. But Mr. Peoples is presenting a unique situation. I will hearken back to the gun opinion. I think this court said this does not, and that was the whole idea of whether or not the courts were going to allow analysis of motions presented by prisoners. And the frame of reference was this isn't going to be Wild West. You still have, as the district judge, still has the guides, the parameters. It can't go off on a tangent. So here's Mr. Peoples' position on that very directly. No one has matched his conduct. Now, I'm just one attorney. I've done the research that I've done. No one has matched it. This is not a prisoner who is blacksmithing five years of a 15-year sentence and saying, look, in the last five years I haven't had any problems. This is not someone who has been kind of a Johnny-come-lately because, as they do, they read the opinions. It's a valid concern. But the standard that Mr. Peoples has presented to the court and the district court recognized is not, in 22 years, not one problem, not one. Nothing in the child line, nothing in contraband, nothing. Second, he completed what has to be considered and what the – I'll take this back. I want to make sure I emphasize this. This is what the district court found, not the advocate for Mr. Peoples. And it's both a gift and, of course, it has its problems as well. But, Mr. Coos, why does that have anything to do about the threshold legal question about whether rehabilitation is appropriately considered an extraordinary and compelling factor, justifying reopening the sentence? There's a threshold legal question and then the factual question about whether Judge Miller considered that in his reconsideration decision or considered the rehabilitative efforts that your client had made, which were truly extraordinary. Yes. There is the – there's that discussion of the safety valve aspect of the amendment. There is – it's not defined what compelling is. It's not defined what extraordinary is. Mr. Peoples' record defines it for this circuit. No one can come to this court without having – That's not how legal rules work. If we're going to open the door to consideration of rehabilitation and rehabilitative efforts as an extraordinary and compelling circumstance at step one of the compassionate release analysis, then anybody can come in the door with an argument. They may not succeed, but that threshold legal question is crucially important here. Aside from the question of whether he establishes extraordinary rehabilitation, which the record supports you in that, but that doesn't affect the legal issue. There's a statute that says the Sentencing Commission is forbidden from incorporating rehabilitation into the sentencing guidelines as they relate to 3582C motions. Your Honor, I referenced it, and I see my time is about up here, but I did reference in the brief the Mau Mau case. I think there's an excellent analysis of 944T. The court discussed at length that that does not apply. That directive applies from the Sentencing Commission – or to the Sentencing Commission. It does not apply to the district court. Now, that's a different circuit, but that circuit took the position that does not bind the district courts in that circuit. That circuit does not bind them in their analysis of rehabilitation, and I'm obviously taking a step here, but I'm asking this court to consider that analysis as valid. I see my time is up.  Are there no further questions? Thank you. Mr. Haller. Good morning, Your Honors, and may it please the court. Peoples' post-sentencing rehabilitation does not constitute an extraordinary and compelling reason sufficient to justify his release, and two independent reasons support affirming the court's judgment. First, as the Sixth Circuit recognized in Hunter and this court recognized in its unpublished decision in Wentzel, as a matter of law, post-sentencing rehabilitation cannot constitute an extraordinary and compelling reason warranting a sentence reduction. And second, even if it could qualify, the district court did not abuse its discretion in concluding as a factual matter that here there were simply insufficient, extraordinary and compelling reasons sufficient to justify release. Congress told the Sentencing Commission that in forming its policy statements, rehabilitation alone could not count. Nothing in Mau Mau is to the contrary on that point, I would add, Your Honors. In the first place, Thacker rejects Mau Mau. But even if the court were to consider it, Mau Mau is dealing with whether factors that aren't mentioned in 994-T can be considered. Mr. Haller, in your view, is there any distinction between rehabilitation and good conduct? Can I give you a hypo? Sure. Suppose we have a prisoner that, by all accounts, has not been rehabilitated. He's been in fights, guards throats all the time, et cetera, et cetera. No way. Bad record. But there's a fire that breaks out in the jail. And the prisoner ends up saving multiple inmates and multiple correctional officers at risk to his own life. And let's say he's at the seven-year mark of a ten-year drug mandatory minimum. And he comes in and says, Look, the heroic act, the extraordinary act warrants an early release. Not because I've been rehabilitated, but because of my conduct, my good conduct. Is that viable? So I think that the idea, though, is still that that good act somehow shows that the defendant is a good person and won't do that again. I mean, otherwise, I'm not sure why that would be a reason. So you'd say it's legally out of bounds as opposed to, I mean, you might say, Well, we'll fight about how you exercise your discretion. You could say, I don't think it's warranted, et cetera. But in your view, it'd be legally out of bounds? I would tend to think that it would be. I mean, obviously, it's up to this court. It doesn't seem like anything like what the Sentencing Commission put in 1B1.13, which I know isn't binding, but this court in Gunn did say is a helpful guide. Those things are, there's some sort of exogenous, maybe I'm using the wrong word there, but something separate that sort of suggests this person shouldn't be incarcerated. This person's sick or dying. This person's child is sick or dying. This person's child is going to have to go into foster care. There's something completely exogenous to their behavior, which has now been rehabilitated, that causes us to look at this all again and say, Hey, maybe the rules shouldn't apply. And I don't think that saving people in a fire in prison actually falls into that. I think that is more a factor that absolutely should be considered at Stage 2, but not at Stage 1. And I think that Congress really did come down on the Sentencing Reform Act and say, We are going to have determinate sentencing, and we're going to have a safety valve for these kinds of very specific health and personal circumstances that suggest incarceration doesn't matter. And I do think that that is the system. To the extent that the court wanted to carve that out, I think it could carve that out here, because I think basically everything that the defendant is trying to throw in as good behavior but not rehabilitation either is rehabilitation or, to a limited extent, is substantial assistance to the government, which is really dealt with through Rule 35. And if the government here hasn't seen fit to grant a Rule 35 motion for whatever it is that Mr. Peoples thinks qualifies, I don't think, again, that seems like a policy determination that this court historically has never come in and overruled. And nothing in the changes to the First Step Act of 2018 would affect. So that's how I would resolve that, and I think it would be consistent and not create a conflict with the Sixth Circuit and Hunter. It would be consistent with this own court's decision in Wentzel, and that's how I think I would resolve that. Alternatively, if the court did not want to get into it, we do think that this issue was in front of the district court. I mean, the district court looked at this initially, and this was thrown out as a reason from day one. And the court initially said, Hey, maybe I can look at COVID, which we know is a ground for, at least was a ground for compassionate release and may still be in a narrow class of cases. That doesn't work. I think that 924C stacking works. This court corrected the court. This has all been in front of the district court. And the district court said, OK, now that I've looked at this record again and you've told me this is what I can't consider, here's what's left, and I don't think on this record it's extraordinary and compelling. And I don't think that that's an abuse of discretion to conclude that. Yes, this is good behavior, but this court has said in other cases that that level of good behavior is enough. Is he in the top of good behavior? Yes. Is it so extraordinary and compelling that it compels his release as a matter of law or it would be an abuse of discretion not to release him? No, it doesn't rise to that level. The district court said it couldn't honestly say it would reach the same result in light of Thacker, and that was not an abuse of discretion. Mr. Peoples's arguments might be well placed to a parole commissioner if they existed. And it might be well placed in a clemency motion, but it's just not well placed to this court. And so we would ask that you affirm. Thank you. Thank you. Mr. Coos, your time has expired, but you may have an extra minute to rebut if you have something else to say. The court in Watford, recognizing it was a very brief opinion, but it nibbled around the edge of whether or not in the abstract rehabilitation could be the basis as an independent basis for finding extraordinary circumstances. This case is not presented in the abstract. There would not be a clearer case than that, than what Mr. Peoples suggests. It is a combination of conduct and rehabilitation. It is unique. It is a standard that cannot be lightly matched. Mr. Peoples has the benefit of the court, the district court, finding it was extraordinary. That's different. It is not, with great respect to the government, it is not good conduct. It's extraordinary conduct. We ask the court to reverse the district court's opinion and demand for a further hearing. Thank you. Thank you very much. Our thanks to both counsel. The case is taken under advisement.